IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CIVIL ACTION NO. 3:65-cv-03807

UNITED STATES OF AMERICA,
Plaintiff
v.

NORTH PIKE COUNTY CONSOLIDATED
SCHOOL DISTRICT, et. al.,
Defendant

# JOINT STIPULATION OF DISMISSAL WITH PREJUDICE PURSUANT TO RULE 41(a)(1)(A)(ii)

The Plaintiff, United States of America, and Defendants, the North Pike County Consolidated School District, the School Board, Trustees, and Superintendent ("the Parties"), respectfully file this Joint Stipulation under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), dismissing the matter with prejudice as Defendants long ago stopped operating a dual system of schools and the district has effectively reached Unitary Status.

Additionally, this case has been pending for over a half-century without further litigation between the Parties.

The Parties stipulate as follows:

## BACKGROUND and STIPULATIONS

1. Pursuant to a May 4, 1967 Order, this district court outlined affirmative steps for the North Pike County Consolidated School District, its Superintendent, its Trustees, and its Board of Education to achieve a

single, non-racial unitary system of public education and desegregate. That Order was amended in 1970 to remove the freedom of choice to transfer for students, and to set annual reporting requirements. In 1972, the case was administratively closed or placed on the inactive docket, subject to being re-opened on a proper application of any party.

2. For five decades, the United States has monitored, received and evaluated data from the North Pike Consolidated School District to consider compliance with the factors outlined in *Green v. County Sch. Bd. of New Kent Cnty., Va.*, 391 U.S. 430, 435 (1968) ((1) student assignment, including school assignment, student transfers and classroom assignment; (2) faculty and staff, including faculty assignment and faculty hiring; (3) transportation; (4) facilities; and (5) extracurricular activities).
3. The United States through the Department of Justice ("DOJ") has sent the school district periodic requests for responses targeted at gathering data and other information related to the district's affirmative desegregation obligations, and conducted a site visit as well.
4. The United States understands that this district has a single grade structure consisting of an elementary, middle and high school, and that all grades are integrated with roughly 38% blacks to 59% whites. The United States has also evaluated the information concerning the other *Green* factors.

5. The school district's five-decade long responsive actions demonstrate good-faith compliance with the 1967 Order, as amended, as well as its compliance with the *Green* factors.

6. Based on a comprehensive review of the fifty-years of information provided and gathered in its monitoring obligations, the United States is satisfied that the North Pike County School District has fulfilled its desegregation duties for a reasonable amount of time *and* eliminated vestiges of its past *de jure* segregation "to the extent practicable." *Missouri v. Jenkins*, 515 U.S. 70 (1995); *Freeman v. Pitts*, 503 U.S. 467 (1992); *Bd. of Educ. of Oklahoma City Pub. Sch., Indep. Sch. Dist. No. 89 v. Dowell*, 498 U.S. 237 (1991).

7. Desegregation orders were never intended to operate in perpetuity, and it was never the purpose of the federal courts' desegregation jurisprudence to "condemn a school district, once governed by a board which intentionally discriminated, to the judicial tutelage for the indefinite future." *Dowell*, 498 U.S. at 249, 247 ("[f]rom the very first, federal supervision of local school systems was intended as a temporary measure to remedy past discrimination); *Milliken v. Bradley*, 418 U.S. 717, 741 (1974) ("[n]o single tradition in public education is more deeply rooted than local control over the operation of schools").

8. Consent decrees must come to a discrete end, and federal court decrees exceed appropriate limits if they are aimed at eliminating a condition that does not violate the Constitution or flow from a constitutional violation

itself. See *Chisom v. Louisiana ex rel. Landry*, 116 F.4th 309, 316 (5th Cir. 2024) (en banc).

9. When the parties proceed solely under Fed. R. Civ. P. 41(a)(1)(A)(ii), the end is self-executing. A stipulated dismissal executed by the parties constitutes a final judgment and accomplishes dismissing the case with prejudice, without the further necessity of a court order. *Smith v. School Board of Concordia Parish*, Case No. 25-30698 at *6 (5th Cir. July 14, 2026) (a Rule 41(a)(1)(A)(ii) stipulated dismissal that is signed by every remaining party operates as a dismissal with prejudice); see also *Defense Distribued v. United States Dept. of State*, 947 F.3d 870, 873 (5th Cir. 2020); *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 534 (5th Cir. 1978).

10. Notwithstanding, the Parties understand if a further administrative order is required to close out this (inactive) case.

Dated: September 8, 2026.

Respectfully submitted,

| **ATTORNEYS FOR PLAINTIFF**<br><br>UNITED STATES OF AMERICA | **ATTORNEYS FOR DEFENDANTS**<br><br>NORTH PIKE COUNTY SCHOOL DISTRICT |
|---|---|
| HARMEET K. DHILLON<br>Assistant Attorney General<br><br>/s/ *Debbie Maken*<br>PETER FEAMAN, Senior Counsel<br>FL Bar No. 260347<br>DEBJANI (DEBBIE) MAKEN, | John S. Hooks<br><br>/s/ *John S. Hooks*<br>MS Bar No. 99175<br>ADAMS and REESE, LLP<br>1018 Highland Colony Pkwy.,<br>Suite 800 |

| | |
|---|---|
| Trial Attorney<br>FL Bar No. 1017427<br>Mississippi Bar No. 09876<br><br>Civil Rights Division,<br>Educational Opportunities Section<br>U.S. Department of Justice<br>950 Pennsylvania Ave. NW<br>Washington, DC 20530<br>Telephone: (202) 514-3847<br>Fax: (202) 514-8337<br>Email: Debjani.Maken@usdoj.gov | Ridgeland, MS 39157<br>Telephone: 601.353.3234<br>Facsimile: 601.355.9708<br>E-mail: John.Hooks@arlaw.com |


## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed a true and correct copy of the above document with the Clerk of Court using the CM/ECF system, which caused notice of filing to be served on all registered counsel of record.

Dated: September 8, 2026.


*/s/ Debbie Maken*
DEBJANI (DEBBIE) MAKEN,
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Educational Opportunities Section